David R. Jordan, #013891
***The Law Offices of David R. Jordan, P.C.***
309 E. Nizhoni Blvd.
PO Box 840
Gallup, New Mexico 87305-0840
(505) 863-2205
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

**LORENDA SANDERS and CECIL SANDERS,**
          Plaintiffs,

**vs.**

**JONELLE DESCHEENIE and DEPARTMENT OF HEALTH & HUMAN SERVICES,**
          Defendant.

Case No. _____

## COMPLAINT FOR PERSONAL INJURIES

Plaintiffs allege:

1. Plaintiffs are residents of Thoreau, McKinley County, New Mexico.

2. Defendant Jonelle Descheenie is a resident of Fort Defiance, Arizona. Defendant Descheenie is an employee of the Indian Health Service located in Gallup, New Mexico. The area office is located in St. Michaels, Arizona.

3. This Court has jurisdiction over the parties and subject matter, and venue in this Court is proper. Defendants caused actions to occur in Thoreau, McKinley County, New Mexico out of which this claim arises.

### FIRST CLAIM FOR RELIEF
(Negligence)

4. Plaintiffs reallege every allegation of the complaint.

1

5. On December 17, 2009, Defendant Descheenie, an employee and acting within the scope of her duty to Defendant Department of Health & Human Services, caused an auto accident to occur in Thoreau, McKinley County, New Mexico.

6. Plaintiffs' vehicle was heading westbound going around a curve.

7. Defendant Descheenie's vehicle was traveling eastbound going around a curve and talking on her cell phone, drove into the westbound lane, which caused her to sideswipe Plaintiffs' vehicle on the left side.

8. Defendant Descheenie was driving a company vehicle, which was owned by Defendant Department of Health & Human Services at the time of the accident.

9. Defendant Descheenie, acting on her own behalf and acting within the scope of her duty to Defendant Department of Health & Human Services, had a duty to exercise reasonable care in the operation of a motor vehicle and a duty to maintain a proper lookout.

10. Defendant Descheenie, acting on her own behalf and acting within the scope of her duty to Defendant Department of Health & Human Services, failed to use caution and was negligent at the time of the accident which caused injuries to Plaintiffs.

11. Defendant Descheenie, acting on her own behalf and acting within the scope of her duty to Defendant Department of Health & Human Services, breached her duty by failing to operate her vehicle in a safe, reasonable and prudent manner, and by carelessly losing control of her vehicle.

12. At the time of the accident, there were certain laws in effect in Arizona that were violated by Defendant Descheenie, including the following:

    A. A.R.S. § 28-693. Reckless Driving.

13. Defendant Descheenie's violation of Arizona traffic laws were negligence per se.

14. The negligence and negligence per se of Defendant Descheenie proximately caused the subject accident, which resulted in bodily injury to Plaintiffs.

15. Because of the negligence and negligence per se of Defendant Descheenie, Plaintiffs required medical care and incurred medical expenses.

16. Because of the negligence and negligence per se of Defendant Descheenie, Plaintiffs suffered a loss of household services and other non-medical losses.

17. Because of the negligence and negligence per se of Defendant Descheenie, Plaintiffs suffered emotional distress and physical pain and suffering.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief)

18. Plaintiffs reallege every allegation of the complaint.

19. Plaintiffs are entitled under the laws of Arizona to be made whole by Defendant Descheenie, whose negligence caused injuries.

20. Defendant Descheenie, acting on her own behalf and acting within the scope of her duty to Defendant Department of Health & Human Services is liable for all of the damages recognized by Arizona laws that were suffered by Plaintiffs due to the accident, even if not specifically enumerated above.

21. Plaintiffs are entitled to declaratory relief from Defendant Descheenie, acting on her own behalf and acting within the scope of her duty to Defendant Department of Health & Human Services for Plaintiffs' losses.

22. Plaintiffs hereby demand a jury trial.

## RELIEF REQUESTED FROM THE COURT

WHEREFORE, Plaintiffs request the Court to enter judgment as follows:

A. For actual damages against Defendants in an amount to be proven at trial, pursuant to all claims for relief;

B. For Plaintiffs' attorneys' fees and costs incurred and accruing herein.

C. For such other and further relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED this 30th day of March, 2012.

*The Law Offices of David R. Jordan, P.C.*

_____
David R. Jordan, Esq.
Attorney for Plaintiffs

4